UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21444/BLOOM

NEW MUSLIM PARTY and
JERMEL ARCILICIA TAYLOR,

    Plaintiffs,
v.

STATE OF FLORIDA, and
CITY OF MIAMI

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiffs "New Muslim Party" and Jermel Arcilicia Taylor's *pro se* civil rights complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [2]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint fails to state a claim and must be dismissed.

**I. BACKGROUND**

Plaintiff alleges that, in December 2018, he "was arrested in Wynnwood [sic] for selling my self-published books because I had [a] sign" containing a racial epithet.[1] ECF No. [1] at 5. Plaintiff contends that this arrested "humiliated" him and violated his First Amendment rights. *Id.*

---

[1] The sign read "N[*****] selling books for reparations." ECF No. [1] at 5.

Plaintiff now requests $50,000.00 in damages and for the Court to order the Governor of Florida to debate Plaintiff "about the current state of Florida." *Id.*

## II.  LEGAL STANDARD

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.  DISCUSSION

The Complaint is untimely because it was filed outside the relevant statute of limitations; therefore, it must be dismissed. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Under Florida's

relevant statute of limitations, a § 1983 claim must be brought within four years of the alleged injury occurring. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103-04 & n.2 (11th Cir. 2002). Plaintiff alleges that the illegal arrest occurred in December of 2018, but their Complaint was filed on April 3, 2024—more than four years after the alleged arrest occurred. *See* ECF No. [1] at 5, 11.[2] Since the Complaint was filed beyond the applicable four-year statute of limitations for § 1983 actions, the Court must dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a § 1983 claim *sua sponte* . . . for failure to state a claim if the action would be barred by the state's statute of limitations." (citing *Jones v. Bock*, 549 U.S. 199, 213-15 (2007))).

**IV. CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, and his Motion for Leave to Proceed *in forma pauperis* **[ECF No. 2]** is **DENIED as moot**.

2. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

Case No. 24-cv-21444/BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 19, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jermel Arcilicia Taylor, *PRO SE*
24124924
Eastern Oregon Correctional Institution
Inmate Mail/Parcels
2500 Westgate
Pendleton, OR 97801